UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KSHITIJ V. VADAKE, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>SOFI BANK, N.A.,<br>Defendant. | Case No.: 3:26-cv-5623-CAB-AHG<br>**ORDER TRANSFERRING CASE** |

Plaintiff has filed a class action complaint alleging violations of the Equal Credit Opportunity Act. [Doc. No. 1 ("Compl.").] With respect to venue, Plaintiff pleads that "[v]enue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Eastern District of Virginia and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Virginia." [*Id.* ¶ 3.] This Court sits in the Southern District of California.

The Court may raise the issue of venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Plaintiff has the burden of showing that venue is proper in this District. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In a class action, determination of proper venue is based on the named plaintiff, not unnamed or absent putative class members. *Johnson v. Law*, 19 F. Supp. 3d 1004, 1009

(S.D. Cal. 2014); *see also Miranda v. R&L Carriers Shared Servs., LLC*, No. 18-CV-04940-TSH, 2018 WL 6199931, at *5 (N.D. Cal. Nov. 28, 2018) (collecting cases).

The Defendant resides in the Northern District of California. [Compl. ¶ 5.] The complaint does not detail any events happening in the Southern District of California. [*See generally id.*] As the named Plaintiff in a class action, Plaintiff could have originally brought the suit in the Eastern District of Virginia where he resides. Ultimately, venue is not proper in the Southern District of California.

Because any amendment would contradict the pleading,[1] the Court **TRANSFERS** the action to the Eastern District of Virginia where it could have originally been brought. *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought . . . [.]").

**IT IS SO ORDERED.**

Dated: October 2, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

[1] The Ninth Circuit has held that a "party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (citation modified). Here, Plaintiff plainly asserts that he resides in Henrico, Virginia. [Compl. ¶ 4.]